IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRIS JAYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-376-WKW-SMD |
| | ) | |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Chris Jaye ("Jaye") has filed a complaint against one hundred seventy-three defendants for violations of 42 U.S.C. § 1983 through 1988, the New Jersey Civil Rights Act, the federal Racketeer Influenced and Corrupt Organizations Act, the Fair Debt Collection Practices Act, and the federal Civil Rights Act of 1964. Compl. (Doc. 1). Jaye also asserts claims of "malicious abuse of process," fraudulent concealment, and tortious interference with property. *Id.* The complaint is before the Court on *sua sponte* review to determine whether this Court is the proper venue for Jaye's claims.[1]

As a general matter, cases arising under federal law may be brought only in a district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim took place; or (3) the defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

---

[1] The United States District Judge assigned to this case has referred this action to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate under 28 U.S.C. § 636. Order (Doc. 10).

Similarly, in a civil action where a defendant is an officer or employee of the United States or its agencies, the suit may be brought in any judicial district in which "(A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). For all venue purposes, a natural person

> shall be deemed to reside in the judicial district in which that person is domiciled; (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question…; and (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

28 U.S.C. § 1391(c).

For the convenience of parties and witnesses, a district court may *sua sponte* transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. *See* 28 U.S.C. § 1404(a); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also* 28 U.S.C. § 1406(a) (directing a district court to dismiss or transfer an action to an appropriate venue if it determines that the action was filed in the wrong district). A court should provide the parties with notice and an opportunity to be heard prior to transferring a case. *Tazoe*, 631 F.3d at 1336.

Here, although the complaint is far from a model of clarity, it appears that Jaye, a resident of New Jersey, is claiming that New Jersey federal and state courts, the United

2

States Supreme Court, and the United States District Court for the Southern District of Alabama treated her unfairly.[2] *See generally* Compl. (Doc. 1). Jaye does not reside in this judicial district, and she does not allege facts that indicate any of the one hundred seventy-three Defendants she is suing resides in this district. Further, it does not appear that the events underlying her claim occurred here. Indeed, it appears that the underlying events—which appear to be the result of alleged "extortion of Plaintiff's property"[3]—occurred in New Jersey. Given these considerations, there is a substantial probability that Defendants could challenge venue under Federal Rule of Civil Procedure 12(b)(3). Additionally, given the lack of any significant connection that Defendants and the underlying events have to this district, it is highly doubtful that this Court has personal jurisdiction over—and thus the authority to enter judgment against—Defendants in this case. Jaye was advised of these same legal pitfalls when she filed suit in the Southern District of Alabama over the same, or substantially the same, subject matter. *See Jaye v. United States, et al.*, Civ. Act. No. 1:21-cv-310-TFM-N, Report and Recommendation (Doc. 26), Memorandum Opinion and Order Adopting Report and Recommendation (Doc. 29).

      Having raised concerns regarding whether this Court is the proper venue for Jaye's complaint, the undersigned afforded Jaye an opportunity to be heard regarding transfer.

---

[2] The Complaint does not explicitly mention the United States District Court for the Southern District of Alabama but does name United States District Judge Terry Moorer as a Defendant. Judge Moorer is a judge in the Southern District of Alabama and presided over a suit by Jaye in that district. *See Jaye v. United States, et al.*, Civ. Act. No. 1:21-cv-310-TFM-N (filed July 15, 2021).

[3] Compl. (Doc. 1) p. 14.

3

*See* Order (Doc. 21). Jaye, however, has not filed a meaningful response to the undersigned's Order or otherwise shown why this case should remain before this Court. Therefore, because an overwhelming majority of Defendants are located in New Jersey, and because the events underlying Jaye's claims mostly occurred in those places, the proper venue in this case is the District of New Jersey—not the Middle District of Alabama. Accordingly, it is the

RECOMMENDATION[4] of the undersigned United States Magistrate Judge that this case shall be transferred to the District of New Jersey under 28 U.S.C. § 1404(a). It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 26, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

---

[4] The Eleventh Circuit has yet to rule on whether a motion to transfer venue should be treated as a dispositive or non-dispositive motion; thus, there is no binding precedent as to whether the undersigned should issue an Order pursuant to the Magistrate Judge's authority or a Report and Recommendation for review by the District Judge. *Compare United States v. Dimaria*, 2018 WL 1173094, at *1 (S.D. Fla. Mar. 6, 2018); *Dunn & Fenley, LLC v. Diederich*, 2010 WL 28662, at *2 (D. Or. Jan. 5, 2010) ("[B]ecause a motion to transfer venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority."); *Paoa v. Marati*, 2007 WL 4563938 (D. Haw. Dec. 28, 2007) (noting that transfer of venue is a non-dispositive matter); *Holmes v. TV-3, Inc.*, 141 F.R.D. 697 (W.D. La. 1991), *with Payton v. Saginaw Cty. Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (collecting cases, addressing split in authority and concluding that "the magistrate judge did not have the authority to enter the order transferring venue"). While the undersigned finds the decisions of the courts that choose to treat the issue as non-dispositive more persuasive than the courts that conclude the opposite, out of an abundance of caution, the undersigned will enter a recommendation that this case be transferred instead of an order.

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

  Done this 11th day of August, 2022.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE